The Honorable Fred Roche Secretary Department of Professional Regulation 130 North Monroe Street Tallahassee, Florida 32301
The Honorable Brian J. Ladell Chairman Florida Real Estate Commission 400 West Robinson Street Orlando, Florida 32801
Gentlemen:
This is in response to your request for an opinion on substantially the following questions:
 1. MAY A REAL ESTATE BROKER OFFER AND PROMOTE THAT, IF AN INDIVIDUAL BUYER PURCHASES REAL PROPERTY LISTED BY SAID BROKER, THE BUYER WILL RECEIVE DISCOUNTS AT A SPECIFIC RETAIL OUTLET?
 2. CAN THE RETAIL OUTLET, WHERE A DISCOUNT IS OFFERED, PROMOTE THIS TRANSACTION?
 3. CAN A REAL ESTATE BROKER SHARE THE COMMISSION WITH EMPLOYEES OF SAID RETAIL OUTLET, IF SAID EMPLOYEES BUY PROPERTY LISTED BY THE BROKER?
 4. IF THE BROKER DOES NOT DISCLOSE THIS DISCOUNT TO THE SELLER, HAS HE VIOLATED ANY FIDUCIARY DUTY?
 QUESTION ONE
I find no provision in Ch. 475, F.S. (1982 Supp.), inhibiting or penalizing real estate promotions such as that described in your first question. In the absence of any judicial or legislative direction or any statute prohibiting or penalizing such activity, I cannot say that a real estate broker may not lawfully engage in such real estate promotions. Moreover, if the discount offered is deemed to be in the nature of a gift, neither Ch. 475 nor the rules of the Florida Real Estate Commission prohibit a real estate broker from offering, promoting, and eventually giving a gift to a member of the public if that individual purchases a specific property listed with the broker. It should be noted that s 475. 25(1)(c), F.S. (1982 Supp.), states that it is a violation of the license law if a licensee advertises `property or services in a manner which is fraudulent, false, deceptive, or misleading in form or content[.]'
QUESTION TWO
Subsections 475.42(1)(a) and 475.42(2), F.S. (1982 Supp.), state that it is a criminal misdemeanor to operate as a real estate broker or salesman without being a holder of a valid and current license. In order to determine what activities constitute the practice of real estate, it is necessary to review s 475.01(1)(c).
A broker is, in part, defined as a person who, from another, receives compensation or valuable consideration, directly or indirectly, for assisting in the procuring of prospects. The retail outlet would be receiving compensation by the use of these discounts by buyers in its store. further, the retail outlet's promotion of this activity means that the retail outlet would be assisting in the procurement of prospects for the real estate broker. While the real estate broker could promote this program, the retail outlet would be prohibited from the same activity due to its nonlicensee status.
QUESTION THREE
While I state in my answer to Question One that a real estate licensee may give a gift to an individual, it is necessary to consider the sharing of a commission in reference to s475.25(1)(h), F.S. (1982 Supp.). This subsection states, in part, that a real estate broker cannot share a commission or pay a fee or other compensation to a nonlicensee for the referral of real estate business or for any of the services set forth in s475.01(1)(c).
It appears from the question that this sharing of a commission or payment of the discount would not be for the referral of other employees, nor would it be for the services set forth in s475.01(1)(c), F.S. (1982 Supp.). Although the Florida Real Estate Commission has a specific statute which deals with this issue, nevertheless the principle is the same as in Question One. Therefore, it is my opinion that the employee/buyer would be entitled to the same possible benefit as the nonemployee/buyer, so long as the discount is not for referral of customers or for any other service set forth in s 475.01(1)(c).
QUESTION FOUR
Your final question asks what fiduciary duty the broker owes to the seller regarding disclosure of this discount. This question is difficult to answer, because from your request it is not clear as to whether the real estate broker receives directly or indirectly any kickback or rebate from the retail outlet for the establishment and implementation of this program.
The reason this issue is important is due to the Florida Real Estate Commission Rule 21V-10.28, F.A.C., which states that a real estate licensee's receipt of kickbacks or rebates is in violation of s 475.25(1)(b) or (d), F.S. (1982 Supp.), if not disclosed prior to the time of `placement of, or favor in, said business transaction . . . .' This rule states that the broker `shall have fully and completely advised his principal and all affected parties . . .' of the kickback or rebate.
It is my opinion that if the broker is to receive — directly or indirectly — any kickback or rebate for the arrangement under discussion, then that broker should immediately disclose the fact to the seller. If it is determined that no kickback or rebate is received or to be received by the real estate broker, then Ch.475, F.S., and Rule, Ch. 21V, F.A.C., are silent on this issue.
Nevertheless, in an effort to clarify this issue, the general principle of law in Florida is that a real estate broker should disclose to his or her employer all facts within the broker's knowledge which are or may be material to the transaction. Seegenerally, 7 Fla. Jur.2d Brokers s 65. Whether the discount in question is material to the transaction is a mixed question of fact and law which must be initially decided by the Florida Real Estate Commission.
In summary, until and unless these questions are legislatively clarified or judicially determined otherwise, I conclude:
 (1) that a real estate broker may offer and promote a program in which purchasers of real property listed by the broker will receive a discount at a specific retail outlet.
 (2) that the nonlicensee retail outlet may not promote this program.
 (3) that a real estate broker may share his commission with an employee of such retail outlet, so long as that employee is receiving the discount for being a principal/purchaser and not for referring customers or performing any of the services set forth in s 475.01(1)(c), F.S. (1982 Supp.).
 (4) If the broker is to receive — directly or indirectly — any kickback or rebate for the discount promotion or program, he or she is required to disclose the discount to the seller and all affected parties.
Sincerely,
Jim Smith, Attorney General
Prepared by: Randy Schwartz, Assistant Attorney General